UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANSEN MICHAEL SIMON                                     CIVIL ACTION

VERSUS                                                                NO. 20-465

TERREBONNE PARISH SHERIFF'S                        SECTION M(2)
OFFICE ET AL.

**O R D E R**

The Court, having considered the complaint,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] and plaintiff's objection to the Report and Recommendation,[3] hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Plaintiff Jansen Michael Simon filed this action against the Terrebonne Parish Sheriff's Office ("TPSO") and the Terrebonne Parish Sheriff's Office Narcotics Agency ("TPSONA").[4] The Report and Recommendation correctly recommends dismissing this action as frivolous because neither the TPSO nor the TPSONA is a "person" who can be sued under 42 U.S.C. § 1983.[5] Further, the Report and Recommendation explained that granting Simon leave to amend to add individual defendants would be futile because Simon did not own the vehicle, and thus does not have standing to challenge the constitutionality of the search.[6] Moreover, the police had probable cause to arrest Simon after the traffic stop and finding suspected drugs in the car because, as a passenger, Simon had ready access to (and hence constructive possession of) the suspected

---

[1] R. Doc. 1.
[2] R. Doc. 10.
[3] R. Doc. 13.
[4] R. Doc. 1.
[5] R. Doc. 10 at 20-22.
[6] *Id.* at 14.

contraband.[7]  Thus, the arrest was not based on Simon's past criminal record as he insists in the objection.  The fact that the charges against Simon were eventually dropped does not vitiate probable cause.  In sum, the Report and Recommendation correctly recommends dismissal of the complaint.

Therefore,

**IT IS ORDERED** that plaintiff's claims are **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

New Orleans, Louisiana, this 21st day of May, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[7] *Id.* at 14-20.